UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

     Plaintiff,

    v.

JUSTIN T. DAVOULT, IN
PERSONAL CAPACITY; AND CITY
OF PUNTA GORDA,

     Defendants.

Case No. 2:25-cv-130-KCD-DNF

_____/

## **ORDER**

Before the Court is Plaintiff Andrew Bryant Sheets's Motion for Judicial Notice of Adjudicative Fact. (Doc. 57.)[1] He asks this Court to take judicial notice of a ruling issued in a separate proceeding, *Sheets v. City of Punta Gorda*, Case No. 2:24-cv-495-KCD-DNF. Specifically, he seeks to classify a legal ruling reached in that prior case—that the City's proffered trespass-warning procedure violated the Fourteenth Amendment—as an "adjudicative fact" binding in this current litigation. (Doc. 57 at 1.)

The motion is **DENIED**. Federal Rule of Evidence 201 allows courts to recognize facts that are beyond reasonable controversy. It is not, however, a mechanism for cutting and pasting legal conclusions from one lawsuit to

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

another to bypass the evidentiary burden. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

To start, Sheets's request misinterprets the procedural posture of the prior case. The ruling in Case No. 24-cv-495 was a summary judgment determination. In that context, the Court held that the City had failed to meet its burden to produce evidence of a valid procedural avenue for appealing Sheets's trespass warning. (*See* Doc. 57-1 at 2.)

A ruling on summary judgment is a determination that a party has failed to establish a genuine dispute of material fact based on the evidence *then before the court*. It is not a universal declaration that no such evidence exists in the world, nor does it establish that fact for all future litigants. It simply means that, in that specific instance, the City did not prove its defense as a matter of law. To transform a failure of proof in one docket into an "adjudicative fact" in another would improperly relieve Sheets of his burden of proof here and deny Defendants in this case the opportunity to present their own evidence. Not surprisingly, this approach finds no support in the law. *See, e.g., Awodiya v. Ross Univ. Sch. of Med.*, No. 18-CV-60482-KMM, 2018 WL 11472292, at \*2 (S.D. Fla. June 22, 2018) ("[J]udicial notice is generally not the appropriate means to establish legal principles governing the case[.]").

That fundamental problem aside, Sheets still loses. Federal Rule of Evidence 201(b) permits judicial notice of an adjudicative fact only if it "is not

subject to reasonable dispute" because it either: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Id.* According to Sheets, because this Court previously found the City's trespass policy constitutionally deficient in Case No. 24-cv-495, that finding is now an indisputable fact. This misunderstands the distinction between the *existence* of a judicial record and the *truth* of the matters asserted within it.

A court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Jones*, 29 F.3d at 1553. In other words, this Court can take notice that an order was issued in Case No. 24-cv-495. And we can take notice of what that order said. But we cannot take judicial notice of the factual findings or legal conclusions contained in that order as being indisputably true for the purposes of a separate case involving different parties and a different record. *Id.* (explaining that a court cannot take judicial notice of factual findings from another proceeding because those findings are not "indisputable" in the context of the new case).

The finding Sheets points to—that a potential due process violation occurred—is a legal conclusion derived from a specific set of evidence presented in that specific case. It is not a fact in the sense of the day of the week or the laws of physics. As the Eleventh Circuit has noted, factual findings in a court

order do not satisfy the indisputability requirement of Rule 201 because they are the product of the adversarial process in a specific context. *See Grayson v. Warden, Comm'r, Ala. Doc*, 869 F.3d 1204, 1225 (11th Cir. 2017).

To close, the Court offers this word of warning. To be sure, Sheets is entitled to significant leeway because he is proceeding without counsel. But that leniency has limits. It is not a license to clutter the docket with baseless arguments or to bypass the basic requirements of the Federal Rules. Even a pro se litigant has a duty to research the law and ensure his contentions have a nonfrivolous basis before firing off a filing. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that pro se litigants remain "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Moving forward, Sheets is reminded that the right to access the courts carries with it the obligation to respect judicial resources and to refrain from filing motions that lack reasonable legal support.

**ORDERED** in Fort Myers, Florida on February 2, 2026.

Kyle C. Dudek
United States District Judge

4