UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

      Plaintiff,

    v.

                              Case No. 2:25-cv-130-KCD-DNF

JUSTIN T. DAVOULT, IN
PERSONAL CAPACITY; AND
CITY OF PUNTA GORDA,

      Defendants.

                              /

## **ORDER**

Plaintiff Andrew Bryant Sheets objects to Magistrate Judge Douglas Frazier's order resolving a bundle of discovery disputes. (Doc. 74.) In that order, Judge Frazier stayed discovery pending a ruling on a motion to dismiss, denied a motion to compel, and laid out the ground rules for Sheets's deposition. (Doc. 73.) Sheets thinks those rulings miss the mark. They do not. Because Judge Frazier's decisions are firmly rooted in the Federal Rules of Civil Procedure and sound practical judgment, the objections are **OVERRULED**.

Non-dispositive orders from a magistrate judge, like at issue here, are reviewed for clear error. The district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if the reviewing court, after assessing the

evidence in its entirety, is left with definite and firm conviction that a mistake has been committed." *A.R. by and through Root v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.*

Start with the stay of discovery and motion to compel. Judge Frazier decided to hit the pause button on discovery until the Court rules on the pending motion to dismiss the Third Amended Complaint. Sheets argues this stay prejudices him and prevents him from gathering evidence. But district courts have immense discretion to manage their dockets, and staying discovery while a dispositive motion hangs in the balance is textbook case management. *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013). It saves everyone time, money, and hassle. Because staying discovery was a proper exercise of discretion, Judge Frazier's companion decision to deny the motion to compel the City's discovery responses naturally follows. Besides, as Judge Frazier correctly noted, Sheets's requests were "overbroad, vague, and unlimited" anyhow. (Doc. 73 at 3.)

Next, take the deposition time limit. Sheets asked the Court to override the standard rules and cap his deposition at one or two hours. Judge Frazier said no, pointing out that Rule 30(d)(1) explicitly limits a deposition to "one day of seven hours." (Doc. 73 at 4.) When a magistrate judge enforces the

express default limit written directly into the Federal Rules, that decision can hardly be called contrary to law. Given the breadth of Sheets's claims and damages, affording the defense the standard allotment of time to question him is not a clear error.

The remaining objections concern logistics: whether the deposition can be conducted remotely via Zoom, and whether Sheets can run his own personal recording device during it. Rule 30(b)(4) provides that a deposition *can* be taken by remote means, but it requires a party stipulation or a court order to make it happen. It is not an absolute right. *See* Fed. R. Civ. P. 30(b)(4). Surveying the docket, Judge Frazier noted the highly contentious nature of this lawsuit. To ensure an orderly, unimpeachable record, he required the deposition to happen in person and ruled that the only recording will be done by the certified court reporter.

These conclusions are not a mistake of law—they are classic exercises of judicial discretion. Magistrate judges are uniquely positioned to assess the temperature of a case and implement ground rules to prevent discovery from devolving into a sideshow. Ensuring an official, neutral record is paramount in high-conflict litigation. Judge Frazier applied the correct rules and weighed the appropriate factors in reaching his decision.

After reviewing the record, the Court finds no reason to modify or set aside Judge Frazier's order under Rule 72(a). It is so **ORDERED** in Fort Myers, Florida on April 9, 2026.

Kyle C. Dudek
United States District Judge