UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS, **DISPOSITIVE MOTION**

Plaintiff,

v. Case No. 2:25-CV-130 -KCD-KRH

CITY OF PUNTA GORDA,

Defendants.
_____________________________________/

# MOTION FOR SUMMARY JUDGMENT

Defendant, City of Punta Gorda, ("City"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, files this Motion for Summary Judgment, and seeks summary judgment on all of Plaintiff's claims.

## Introduction

The instant lawsuit arises out of Plaintiff's consistent attempts to challenge City Ordinance 15-48, which generally prohibits filming within certain City buildings. Here, like in previous past occasions and lawsuits,[1] Plaintiff entered City Hall, filmed

[1] *Sheets v. City of Punta Gorda, Fla.*, 415 F. Supp. 3d 1115, 1124 (M.D. Fla. 2019). *Sheets v. Jimenez*, 2025 WL 1725954 (M.D. Fla. June 20, 2025), *Sheets v. Renz*, et. al., 2:25-cv-01000-KCD-KRH, *Sheets v. Punta Gorda, et. al.*, Case No: 25001810CA (Fla. 20th Cir. Ct. March 15, 2026) (DIN #68) (dismissing plaintiff's challenge against Ordinance 15-48, including his due process claims with prejudice). Plaintiff's friends have also challenged Ordinance 15-48. *See e.g.*, *Hoffman v. Delgado*, 2023 U.S. Dist. LEXIS 167976 *12 (M.D. Fla. Sept. 21, 2023), *aff'd Hoffman v. Delgado*, 2025 WL 25856 (11th Cir. 2025); *Hoffman v. Punta Gorda*, Case No: 25001820CA (Fla. 20th Cir. Ct. March 13, 2026) (DIN #44) (dismissing Hoffman's constitutional challenges to Ordinance 15-48, including procedural due process claims with prejudice); *Berry v. Punta Gorda, et. al.*, Case No. 25001811CA (Fla. 20th Cir. Ct. April 14, 2026) (DIN #39) (dismissing Berry's constitutional challenges against Ordinance 15-48, including his due process claims with prejudice).

employees without their consent, and posted it online for the world to see in violation of the Ordinance. At some point, Officer Justin Davoult was notified and observed Plaintiff's video. He drafted an incident report, and a trespass warning was issued to the Plaintiff by Officer David Lipker (Doc. 54-1). As a result, Plaintiff alleges that he was trespassed inappropriately from City Hall, which resulted in him being unable to "attend and speak" at several meetings. (Doc. 49, Pg. 9, ¶31-34).[2]

On a motion to dismiss, the Court disposed of the majority of Plaintiff's claims, granting qualified immunity to Officer Justin Davoult. (Doc. 79). The only claim left for the Court to consider is "claim six" or Plaintiff's procedural due process claim. (Docs. 49, 79).

**Statement of Material Facts**

1. Plaintiff previously challenged his trespass for violating City of Punta Gorda's Ordinance 15-48 under the First and Fourteenth Amendments in 2019. *See Sheets v. City of Punta Gorda, Fla.*, 415 F. Supp. 3d 1115, 1124 (M.D. Fla. 2019); *see also* (Deposition of Plaintiff, Exhibit 1, Pgs. 33-37).
2. Plaintiff again challenged City Ordinance 15-48 in *Sheets v. Jimenez*, 2025 WL 1725954 (M.D. Fla. June 20, 2025).
3. Plaintiff's friend Jerry Hoffman has also challenged City Ordinance 15-48. *See Hoffman v. Delgado*, 2023 U.S. Dist. LEXIS 167976 *12 (M.D. Fla. Sept. 21, 2023),

[2] Defendant disputes that Plaintiff was inappropriate excluded from public meetings.

*aff'd Hoffman v. Delgado*, 2025 WL 25856 (11th Cir. 2025); *see also* (Ex. 1, Pgs. 37-42).

4. Plaintiff was aware of the *Hoffman* decisions. (Ex. 1, Pgs. 37-42).

5. Despite being warned that his claims are frivolous, Plaintiff believes he can continue to challenge the City's Ordinance. (Ex. 1, Pgs. 43-44).

6. The Middle District of Florida has twice concluded City Ordinance 15-48 does not violate an individual's right to due process under the Fourteenth Amendment. *See Sheets v. City of Punta Gorda, Fla.*, 415 F. Supp. 3d 1115, 1124 (M.D. Fla. 2019) (Exhibit 2); *See e.g.*, *Hoffman v. Delgado*, 2023 U.S. Dist. LEXIS 167976 *12 (M.D. Fla. Sept. 21, 2023) (Exhibit 3).

7. Plaintiff acknowledged that the Middle District of Florida previously held that Ordinance 15-48 did not violate an individual's right to due process under the Fourteenth Amendment. (Ex. 1, Pgs. 83-84). Plaintiff vehemently disagrees with the Middle District's previous rulings and believes he can continue to sue. (Ex. 1, Pgs. 150-151).

8. Similarly, on three occasions the Twentieth Judicial Circuit, in and for Charlotte County, Florida, has dismissed with prejudice due process challenges against Ordinance 15-48 brought by Plaintiff and his friends. *See Sheets v. Punta Gorda, et. al.*, Case No: 25001810CA (Fla. 20th Cir. Ct. March 15, 2026) (DIN #68) (Exhibit 4); *Hoffman v. Punta Gorda*, Case No: 25001820CA (Fla. 20th Cir. Ct. March 13, 2026) (DIN #44) (Exhibit 5); *Berry v. Punta Gorda, et. al.*, Case No. 25001811CA (Fla. 20th Cir. Ct. April 14, 2026) (DIN #39) (Exhibit 6).

9. On February 18, 2021, Plaintiff entered City Hall, recorded employees, and did not receive permission to do so. (Doc. 54-1; Ex. 1, Pgs. 46-47).
10. After receiving the trespass warning, Plaintiff did not recall if he attempted to appeal or challenge the warning. (Ex. 1, Pgs. 78-80).
11. Plaintiff has admitted twice that he has known how to challenge trespass warnings and has received due process from the City. (Ex. 1, Pgs. 80-81) (Deposition of Plaintiff in *Sheets v. Woelk et. al.*, 2:25-CV-00061-KCD-KRH, Exhibit 7, Pgs. 139-140).
12. Plaintiff has challenged his various warnings and claims several times with the City. (Plaintiff's appeals, Exhibit 8).
13. Plaintiff claimed as a result of the trespass he could not attend City meetings. (Ex. 1, Pgs. 103, 124-132).

## Memorandum of Law

### I. Standard

Pursuant to the Federal Rules of Civil Procedure, Rule 56(a), a party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at atrial, the non-moving party must "go beyond the pleadings, and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there

is a genuine issue for trial." *Celotex v. Catrett*, 477 U.S. 317, 324-25 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). Although a court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, a court is not required to accept all of the non-movant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458.

## II. Res Judicata Bars Plaintiff's Remaining Claim

Res Judicata bars Plaintiff's remaining claim. "A party may successfully raise [the res judicata] defense in a Rule 56 summary judgment motion by introducing sufficient information into the record to allow the court to judge the validity of the res judicata defense.") *Sullivan's Admin. Managers II, LLC v. Guar. Ins. Co*, 713 Fed. App'x. 845, 849 (11th Cir. 2017), *citing Jones v. Gann*, 703 F.2d 513, 515 (11th Cir. 1983). As stated above, Plaintiff has previously challenged the Ordinance on due process grounds for the exact same activity and failed.

"Res judicata prevents plaintiffs from bringing claims related to prior decisions when the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1324 (11th Cir. 2024). The doctrine serves to preclude re-litigation of causes of action that "arise out of the same nucleus of operative facts or are based upon the same factual predicate."

*Id*. at 1330 (*citing TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co*., 959 F.3d 1318, 1325 (11th Cir. 2020)). A nucleus of operative fact means that "the same facts are involved in both cases, so that the present claim could have been effectively litigated in the prior one." *Id*. at 1330 (*quoting Lobo v. Celebrity Cruises, Inc*., 704 F.3d 882, 892 (11th Cir. 2013)).

The facts in this case are undisputed. Plaintiff entered City Hall. He filmed. He did not have consent. He violated the Ordinance. He received a trespass warning for violating the Ordinance.

In 2019, Plaintiff challenged City Ordinance 15-48. *Sheets v. City of Punta Gorda, Fla.*, 415 F. Supp. 3d 1115 (M.D. Fla. 2019). There, just as he did here, Plaintiff went to City Hall and recorded without consent. *Id*. Plaintiff was provided a trespass warning. *Id*. He then filed an action in this Court alleging a two-count complaint for First and Fourteenth Amendment violations. *Id*. at 1121.

Specifically, as it relates to the remaining claim in this matter, this Court in 2019 held that because the Plaintiff violated the Ordinance, the "City can exclude trespassers and people causing disruptions with a geographic and time-limited trespass warning without violating a protected liberty interest." *Id*. at 1127. As this Court noted, Plaintiff must show not only a liberty interest, but also a deprivation of that liberty interest. *Id*. at 1128, *citing Arrington v. Helms*, 438 F.3d 1336, 1348 (11th Cir. 2006). However, there - as he has done here – Plaintiff has dropped his burden, because if a person forfeits his liberty interest, then there has been no deprivation. *Id.*

This is because the City "may limit the use of the property to ordinary conditions for its intended purpose." *Id*. However, "people recording without consent are not using City Hall under ordinary conditions or for its intended purpose." *Id*. "So when the City limits the use of City Hall based on a violation of the Ordinance, it is not violating liberty interests." *Id*.

Here, all four elements are met to satisfy res judicata. The same Court rendered a decision. It was final. It involved the same parties. Plaintiff's 2019 case involved the same causes of action. Plaintiff voluntarily dismissed his case and opted not to appeal.

In addition to its holding in 2019, this Court reaffirmed that Ordinance 15-48 did not violate an individual's right to due process in *Hoffman v. Delgado*, 2023 U.S. Dist. LEXIS 167976 (M.D. Fla. Sept. 21, 2023). There, Plaintiff's friend and associate, Jerry Hoffman, also brought a flurry of claims against the City including challenging Ordinance 15-48. *Id*. at *4. Relevant for the purposes of the Court in this motion, the Court considered Hoffman's Fourteenth Amendment Due Process claim, but concluded that "as much as Hoffman's Due Process claim is based on his challenge of the Ordinance, this Court already held that the Ordinance is constitutionally permissible and *does not deprive an individual of due process*." *Id*. at *12. (emphasis added).

It is respectfully requested that pursuant to Rule 201 Fed.R.Evid. the Court takes judicial notice of these previous Orders in *Sheets v. City of Punta Gorda, Fla.*, 415 F. Supp. 3d 1115 (M.D. Fla. 2019) and *Hoffman v. Delgado*, 2023 U.S. Dist. LEXIS 167976 (M.D. Fla. Sept. 21, 2023).

Similarly, Plaintiff along with his friends have attempted to challenge the City's Ordinance, alleging the same procedural due process claims in the Twentieth Judicial Circuit, in and for Charlotte County, Florida. The State Court has similarly dismissed these claims. (Exhibits 4-6). However, though Plaintiff and his associates brought these cases before the state court under the Florida Constitution, the analysis is identical to a claim brought under the Fourteenth Amendment to the United States Constitution. *See Dep't of Law Enforcement v. Real Prop.*, 588 So. 2d 957, 960 (Fla. 1991) (explaining that under both the Florida Constitution and the United States Constitution, "procedural due process serves as a vehicle to ensure fair treatment through the proper administration of justice where substantive rights are at issue") (*citing State ex rel. Gore v. Chillingworth*, 126 Fla. 645, 657–58, 171 So. 649 (1936) *and Fuentes v. Shevin*, 407 U.S. 67, 80 (1972)).

## III. Plaintiff Suffered No Deprivation of a Liberty Interest

To pursue a procedural due process claim, a plaintiff must show "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011). These elements are not evaluated in their totality. Rather, failure to prove any one element is a fatal to the claim as a whole.

The Eleventh Circuit has recognized a "constitutionally protected liberty interest to be in parks or on other city lands of their choosing that are open to the public generally." *Id*. However, this is not a fundamental right. *Peery v. City of Miami*, 977 F.3d 1061, 1071 (11th Cir. 2020). The government can control its property "for the use

to which it is lawfully dedicated." *United States Postal Service v. Council of Greenburgh Civic Ass'ns*, 453 U.S. 114, 129-30 (1981). An individual may forfeit his liberty interest by committing trespass or other violations of the law. *Catron*, 658 F. 3d at 1266. Courts have often recognized that access to public facilities may be restricted without impacting constitutionally-protected liberty interests. *See Harrison v. Palmer*, 2014 U.S. Dist. LEXIS 186297 *12 (N.D. Fla. Nov. 5, 2014) (collecting cases).

As this Court recognized (and as Plaintiff pled) it is not disputed that Plaintiff violated the City's Ordinance. This violation of the law forfeits his liberty interest. In the years following *Catron* and this Court's 2019 holding in *Sheets*, multiple courts have ruled that where an individual violates government facility rules (including prohibitions on filming), they forfeit their liberty interests and no due process violations have occurred. *See e.g., In re Watkins*, No. 23-11718, 2024 WL 1174182, at *1, *5 (11th Cir. Mar. 19, 2024) (affirming district court's denial of Watkins's motion for leave to file a complaint asserting, *inter alia*, a due process claim arising from his suspension from a public library, and noting that because Watkins "arguably violated the law by disturbing the peaceful environment of the library," he "may have forfeited his liberty interest and no procedural-due-process violation took place"); *Patrick v. McGuire*, 2024 WL 4803217, at *8 (M.D. Fla. Nov. 15, 2024) (holding that plaintiff "forfeited her right to access the [Pasco County Tax Collector's] Office when she failed to comply with the Office's policy against video recording and the requests that she either comply with the policy or leave"); *Lee v. City of Gulfport*, 2025 WL 3166885 (M.D. Fla. Nov. 13, 2025) ("Mr. Lee forfeited any liberty interest he had in accessing

the City Hall complex …. when he refused to leave the premises as required by the applicable Florida trespass law, Florida Statute § 810.08, after causing the previously described disruptions."); *Hoffman v. Domico*, 2025 U.S. Dist. LEXIS 106690 *2 (N.D. Fla. June 5, 2025) (granting summary judgment in favor of Defendant on Hoffman's due process claims because Hoffman was filming in a Social Security office in violation of the law).

Just as he did in 2019 and other years, Plaintiff violated the Ordinance. This was an intentional choice. He forfeited his liberty interests by doing so.

## IV. Due Process was Available

"It is by now well established that due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstance." *Gilbert v. Homar*, 520 U.S. 924, 930 (1997). Rather, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). However, to be adequate, a "procedure need not provide all the relief available under section 1983." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000). "Instead, the state procedure must be able to correct whatever deficiencies exist and to provide plaintiff with whatever process is due." *Id*.

Contrary to the assertions in Plaintiff's complaint, Plaintiff has *admitted* twice that he has known how to challenge trespass warnings and has *received due process* from the City. (Ex. 1, Pgs. 80-81; Ex. 7, Pgs. 139-140). This is an admission against his own interest. In both of his depositions, Plaintiff provides little, if any argument as to why this process is insufficient, other than he believes he needs a hearing at a "court house."

(Ex. 7, Pg. 140). The Constitution imposes no such requirement. There is likewise no requirement that witnesses be present or a hearing be recorded. *See Koeppel v. Romano*, 252 F. Supp. 3d 1310, 1320 (M.D. Fla. May 11, 2017). General demands for a process of Plaintiff's *preference* are not enough to overcome dismissal of a due process claim. *See e.g., FDMH LLC v. Leuzinger*, 2024 U.S. Dist. LEXIS 175971 *16 (M.D. Fla. Sept. 25, 2024) ("plaintiff's contention that due process required the County to procure an independent engineering report or to credit the engineering reports is without merit. This line of argument cannot prevent dismissal.").

The City provides an avenue through the police department to review the propriety of actions taken by its officers. Plaintiff has utilized the system to his advantage to get a review. "The state may cure a procedural deprivation by providing a later procedural remedy." *See McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994). However, this time around Plaintiff did not challenge the warning. He was not deprived of any process if he opted to not challenge the warning, and the City did not deprive him of the opportunity to do so, despite his receipt of notice when handed the trespass warning by Officer Lipker. *See e.g., In re Watkins*, 20214 U.S. App. LEXIS 6477 at *12 ("nothing in the statute requires the trespass notice to be written"). Likewise, there are no facts to suggest that a delay of the receipt of the warning caused him to not challenge the warning.

Plaintiff has challenged a number of warnings using the City's system for trespass warnings or challenges to Ordinance 15-48. (Exhibit 8). The City provides Plaintiff with the opportunity to provide his contact information, the Officer(s) that

violated the law, the name and information of any witnesses, and a full narrative to be heard on the issue.[3] Additionally, a supervisor will meet with the complainant to hear and discuss their concerns, and explain the complaint process. Plaintiff is also required to acknowledge the veracity of his claims under Florida law.[4] Once completed, the allegations are investigated, and if there is an error, the warning can be rescinded. The investigation is even reviewed and approved by a higher officer. (Ex. 8).

The procedures to challenge or at minimum, have the City review the warning issued, are more robust than in other federal cases. *See e.g., Watkins v. Finch*, 2017 U.S. Dist. LEXIS 7596 *25 (S.D. Fla. Jan. 18, 2017) (finding no procedural due process violation where Watkins was "given a chance to be heard" when he called Finch and requested reinstatement to the Park, Finch listened to Watkins' version of the story, and decided against reinstatement); *see also Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622 (7th Cir. 2016) (per curiam), the Seventh Circuit found the minimum requirements for due process were met where the school "administrators explained to both [the plaintiff] and his parents the general nature of the charges against him and provided him with a written suspension notice which [the plaintiff] signed to acknowledge that he had been given an opportunity to provide his version of events." *Id*. at 628.

---

[3] *See* Punta Gorda Commendations and Complaints; https://www.ci.punta-gorda.fl.us/government/police/commendations-and-complaints (Last visited May 22, 2026).

[4] Plaintiff's own signature attests to the fact that he did indeed have an opportunity to be heard. (Ex. 8).

The failure of the Plaintiff to take advantage of the remedy available to him is a problem of his own making. He had a "chance to be heard" but did not utilize it. The City never denied him an opportunity to challenge the warning.

## V. Adequate State Remedies Were Available

While Plaintiff has alleged the City provided no avenue to challenge the trespass warning, Plaintiff's complaint is silent on his ability to challenge the warning in other fora, which is fatal to his procedural due process claim. Where a party has neither alleged that there are no adequate remedies available to them or pled facts that indicate they attempted to take advantage of any state remedies and was denied, there is no viable due process claim under §1983. *See, e.g., Horton v. Bd. of Cnty. Comm'rs of Flagler Cnty.*, 202 F.3d 1297, 1301 (11th Cir. 2000); *Scopellitti v. City of Tampa*, 677 Fed. Appx. 503, 510 (11th Cir. 2017).

In any event, adequate remedies were available to the Plaintiff. Since *Catron*, the Eleventh Circuit has repeated "again and again" the "basic rule that a procedural due process claim can exist only if no adequate state remedies are available." *Flagship Lake County Dev. Number 5, LLC v. City of Mascotte, Fla.*, 559 Fed. Appx. 811, 815 (11th Cir. 2014). This rule "recognizes that the state must have the opportunity to remedy the procedural failings of its subdivision and agencies in the appropriate fora – agencies, review boards, *and state courts* before being subjected to a claim alleging a procedural due process violation." *Id*. (emphasis added). The rationale behind *McKinney* is that a State must have the opportunity to cure procedural defects caused by its subdivisions

*before* federal intervention. *Nat. Lands, LLC v. City of Boca Raton*, 2025 U.S. App LEXIS 29954 *6 (11th Cir 2025) (emphasis added).

Plaintiff claimed he could not attend government meetings. (Doc. 49, Pg. 9, ¶31-34; Ex. 1, Pgs. 103, 124-132). There is a Florida law that governs government meetings. Florida's Government in the Sunshine Law, s. 286.011, F.S., commonly referred to as the Sunshine Law, provides a right of access to governmental proceedings at both the state and local levels. *See e.g., City of Miami Beach v. Berns*, 245 So. 2d 38 (Fla. 1971). "All governmental entities in Florida are subject to the requirements of the Sunshine Law unless specifically exempted." *Sarasota Citizens for Responsible Government v. City of Sarasota*, 48 So. 3d 755, 762 (Fla. 2010). *Accord Florida Citizens Alliance, Inc. v. School Board of Collier County*, 328 So. 3d 22 (Fla. 2d DCA 2021). There are three basic requirements of s. 286.011, F.S.:

(1) meetings of public boards or commissions must be open to the public;

(2) reasonable notice of such meetings must be given; and

(3) minutes of the meetings must be taken and promptly recorded.

Additionally, "the purpose of Florida's Government in the Sunshine Law is the protection of the public's right to be present and to be heard during all phases of enactments by government boards and commissions." *City of St. Petersburg v. Wright*, 241 So.3d 903, 905 (Fla. 2d DCA 2018), *citing School Bd. v. Florida Publ. Co.*, 670 So.2d 99, 101 (Fla. 1st DCA 1996). This includes a general right to "be heard on a proposition before a board or commission." *Herrin v. City of Deltona*, 121 So. 3d 1094, 1097 (Fla.

5th DCA 2013); s. 286.0114, F.S. The term "open to the public" as used in the Sunshine Law means open to all persons who choose to attend. AGO 99-53.

Section 286.011(2), F.S., states that the circuit courts have jurisdiction to issue injunctions upon application by any citizen of this state. *See Allen v. United Faculty of Miami-Dade College*, 197 So. 3d 604 (Fla. 3d DCA 2016). Florida courts have recognized that the Sunshine law can potentially be used to challenge a wrongfully issued trespass warning. *See e.g., Ribaya v. Bd. of Trs. of the City Pension Fund for Firefighters & Police Officers*, 162 So.3d 348, 356 (Fla. 2d DCA 2015) (overturning circuit court's dismissal of Plaintiff's claim under the Sunshine law that he was wrongfully trespassed).

The ability to utilize an open government statute to challenge a trespass warning is not without precedent. In a case factually similar, and thus analogous to the instant one, the Eleventh Circuit recognized the ability to use a state's open government statute to challenge a trespass warning was an adequate state remedy that disposed of a procedural due process claim. *See Dyer v. Atlanta Indep. Sch. Sys.* 852 Fed. Appx. 397, 403 (11th Cir. 2021) (affirming summary judgment in favor of Defendant because Plaintiff could have taken advantage of an adequate state remedy to challenge his trespass warning through Georgia's government meetings statute). Here, Plaintiff made no effort to file any injunctive or declaratory action in state court seeking to clarify his rights under Florida's Sunshine law (or any other law). His failure to take advantage of the proper adequate remedy is fatal to his due process claim against the City.

Additionally, Plaintiff could have gone to the state court to obtain a writ of mandamus, a writ of certiorari[5], or other injunctive relief.[6] The Eleventh Circuit has acknowledged that "certiorari is generally an adequate state remedy." *Cotton*, 216, F.3d at 1331. "There is generally nothing that suggests Florida courts conducting certiorari review cannot effectively remedy due process concerns." *Nat. Lands, LLC*, 2025 U.S. App. LEXIS 29954 at *7. "A state court quashing a decision … places significant pressure on [a] City Council to conform its conduct to ensure due process. Nor is there any reason to conclude [a] City Council would violate a state court order." *Id*.

Similarly, Plaintiff could have elected to pursue a writ of mandamus. In *Cotton*, the Eleventh Circuit held that the failure to pursue a writ of mandamus in state court was fatal to a procedural due process claim. 216 F.3d at 1329. A writ of mandamus allows a petitioner to compel an official to perform lawful duties, including performing a review. *See Harrell v. State*, 963 So.2d 359, 360 (Fla. 2d DCA 2007); *see also Radford v. Brock*, 914 So. 2d 1066, 1067-68 (Fla. 2d DCA 2005) (outlining mandamus process in Florida courts). And petitioners in Florida courts have used mandamus to seek appropriate remedies where they had been excluded in certain government settings. *See e.g., Woody v. Burns*, 188 So.2d 56 (Fla. 1st DCA 1966) (reversing trial court and directing reinstatement of the writ of mandamus where student alleged inadequate due

---

[5] *See* Fla. R. Civ. P. 1.630

[6] *See e.g., Lankheim v. Fla. Atl. Univ.*, 992 So. 2d 828 (Fla. 4th DCA 2008) (discussing injunctive relief in the context of a plaintiff's trespass from university property).

process at the University of Florida); *Williams v. Dep't of Corrections,* 2019 Fla. Cir. LEXIS 10029 (Fla. 2nd Cir. Ct. Nov. 25, 2019) (mandamus invoked to determine whether petitioner was afforded due process in his prison disciplinary hearings).

Here, Plaintiff failed to seek an adequate remedy from the state courts, instead opting instead to pursue his claim in federal court. Failure of a party to avail itself of all remedies is fatal to a procedural due process claim. *See Flagship*, 559 Fed. Appx. At 814.

## CONCLUSION

Wherefore, for the above listed reasons, Defendant requests summary judgment on all of Plaintiff's claims.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a true and correct copy of the foregoing through a notice of electronic filing to: Andrew Bryant Sheets, *Pro se*, 11408 Pepperdine Street, Punta Gorda, FL 33955 at: deprivationofrightsunderlaw@gmail.com; and on this 22nd day of May, 2026 I served copies via e-mail upon the following non-CM/ECF participant: Andrew B. Sheets, *pro se*, 11408 Pepperdine Street, Punta Gorda, FL 33955, deprivationofrightsunderlaw@gmail.com.

*/s/ David R. Jadon*
David R. Jadon, Esquire
Florida Bar No.: 1010249
Susan G. Gainey, Esquire
Florida Bar No.: 1016477

Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary: djadon@roperpa.com; sgainey@roperpa.com
Secondary: lramirez@roperpa.com; graham@roperpa.com
Attorneys for Defendant *City of Punta Gorda*