**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ANDREW BRYANT SHEETS,

     Plaintiff,

v.                                 Case No. 2:25-cv-130-KCD-KRH

JUSTIN T. DAVOULT, et al.

     Defendants.

_____/

**<u>ORDER</u>**

This matter is before the Court on Plaintiff Andrew Bryant Sheets's Objections to Defendants Justin T. Davoult and the City of Punta Gorda's Proposed Bill of Costs (Docs. 96; 104). Davoult and the City of Punta Gorda each filed a Response in Opposition to the Objections (Docs. 103; 105). For these reasons, the objections are overruled and sustained in part.

Sheets filed this action against Davoult and the City of Punta Gorda. (Doc. 1). Over time, he filed First, Second, and Third Amended Complaints. (Docs. 13; 32; 49). On April 21, the Court entered an Order, stating:

> Claims 1, 2, 3, 4, 5, and 7 are dismissed **with prejudice**.
> The case moves forward solely on Claim 6. The Clerk is **DIRECTED** to terminate Officer Davoult as a defendant.

(Doc. 79 at 18). All claims against Davoult were dismissed with prejudice. (Doc. 79 at 18). So on May 5, Davoult filed a proposed bill of costs requesting $846.10. Then, on June 4, the Court dismissed Sheets's remaining claim and entered judgment in

Defendants' favor. (Docs. 99; 100). That same day, the City of Punta Gorda filed a proposed bill of costs seeking $846.10. (Doc. 102).

Federal Rule of Civil Procedure 54(d)(1) provides that costs "should be allowed to the prevailing party" unless a federal statute or court order directs otherwise. Fed. R. Civ. P. 54(d)(1). "[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013).

Congress limited a court's discretion by allowing costs only for certain enumerated items:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The objecting party has the burden to show that circumstances are such that an award of costs is not warranted in a particular case. *Taylor v. Wagner*, No. 8:20-cv-687-CEH-NHA, 2025 WL 2577176, at 2* (M.D. Fla. May 28, 2025), *R&R adopted*, 2025 WL 2487737 (Aug. 29, 2025).

Defendants each seek $846.10 for deposition transcripts and their

2

associated costs, totaling $1,692.20. Sheets objects to the proposed bill of costs, arguing that "the requested costs were not necessarily obtained for use in th[is] case." (Docs. 96 at 3; 104 at 2). Sheets also asserts that Defendants refiled their bill of costs. He is wrong: each bill of costs is apportioned to account for each Defendant. Because there are two Defendants, $846.10 represents half the total cost of deposing Sheets.

To support the asserted transcript costs, each Defendant attached an invoice, itemizing the costs associated with Sheets's deposition. (Docs. 86-1; 102-1). They also provided a standard declaration that costs were correct and necessarily incurred in the case, while also being actually and necessarily performed. (Docs. 86 at 1; 102 at 1); *see* U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost . . . shall attach thereto an affidavit . . . [averring] that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.").

Upon review, the Court finds that Defendants relied on Sheets's deposition during summary judgment. (Doc. 95). These costs also represent the deposition transcript of an opposing party—i.e., basically a given in civil litigation. So the transcript costs associated with Sheets's deposition are allowed under § 1920(2).

That said, the costs are not allowed as filed. While Sheets insufficiently briefed the matter, he has a point on some costs. "The fees for condensed transcripts, exhibits, and delivery, shipping, and handling, absent explanation

from Defendant, are . . . not taxable costs." *Doe v. Rollins Coll.*, No. 6:18-cv-1069-RBD-LRH, 2021 WL 3230424, at *8 (M.D. Fla. July 13, 2021), *R&R adopted*, 2021 WL 3209564 (July 29, 2021); *see also U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (explaining exhibit costs are not taxable). Attendance fees for the court reporter, however, are recoverable. *Siemens Energy, Inc. v. MidAmerica C2L Inc.*, No. 6:17-cv-171-ORL-40-LRH, 2020 WL 10457660, at *6 (M.D. Fla. June 19, 2020), *R&R adopted*, 2020 WL 10457659 (July 6, 2020) (collecting cases). The costs of the exhibit ($63.70) and color exhibits ($22.50) will be eliminated.

In the end, the total recoverable costs are $1,606.00. That amount can be split between the Defendants for $803.00 each.

**ORDERED**:

1. The Objection (Doc. 96) to Defendant Justin Davoult's Proposed Bill of Costs is **OVERRULED and SUSTAINED IN PART**.

2. The Objection (Doc. 104) to Defendant City of Punta Gorda's Proposed Bill of Costs is **OVERRULED and SUSTAINED IN PART**.

3. Defendant Davoult shall file a revised Bill of Costs reflecting the new amount within **seven (7) days** of this Order.

4. Defendant City of Punta Gorda shall file a revised Bill of Costs reflecting the new amount within **seven (7) days** of this Order.

5. The revised Bill of Costs will be taxed by the Clerk of Court.

In Fort Myers, Florida on July 2nd, 2026.

 

Kevin R. Huguelet
United States Magistrate Judge