**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ANDREW BRYANT SHEETS,

Plaintiff,

v. Case No. 2:25-cv-130-KCD-KRH

JUSTIN T. DAVOULT, et al.

Defendants.
______________________________/

# ORDER

This matter is before the Court on pro se Plaintiff Andrew Bryant Sheets's objections (Doc. 113) to the Bill of Costs (Doc. 111; Doc. 112) taxed against him and request to stay enforcement of those costs pending appeal.[1] Defendants Justin Davoult and the City of Punta Gorda filed a response. (Doc. 116). As explained, the Court overrules the objections and denies his request to stay enforcement.

## Background

Davoult and the City of Punta Gorda each originally sought $846.10 in costs, for a combined total of $1,692.20 tied to a single invoice for Sheets's deposition. On July 2, 2026 the Court sustained Sheets's earlier objections in part. (Doc. 108). The deposition transcript costs were taxable under 28 U.S.C. § 1920(2), but the exhibit charge ($63.70) and color-exhibit charge ($22.50) were not. (Doc. 108 at

[1] Sheets styles his objections as directed to Defendants' proposed bills of costs. (Doc. 109; Doc. 110). The Court sua sponte corrects his misidentification, as he contests the costs taxed.

3-4). That left $1,606 in recoverable costs, split evenly between the two Defendants at $803 each. (Doc. 108 at 4).

The Court directed each Defendant to file a revised bill of costs reflecting that amount within seven days. (Doc. 108 at 4). Davoult and the City did so. (Doc. 109; Doc. 110). Sheets now raises largely the same objections again and separately moves to stay the collection of any taxed costs pending his appeal. He filed his notice of appeal only after filing these objections. (Doc. 114).

## Discussion

The Court takes each issue in turn.

### A. Verification

Sheets argues the revised bills of costs lack the affidavit required by 28 U.S.C. § 1924. Each Defendant's original bill of costs attached an invoice and a declaration claiming that the costs were correct, necessarily incurred, and actually and necessarily performed. (Doc. 86 at 1; Doc. 102 at 1). The Court already found that declaration sufficient. (Doc. 108 at 3). The revised bills do not assert any new cost item; they simply apply the figure the Court already calculated. No further verification was required, and the objection is overruled.

### B. Itemization

Sheets next argues that $803 is not adequately itemized against the underlying $1,692.20 invoice. The Court already itemized that invoice, allowing the transcript and attendance-fee charges, eliminating the exhibit and color-exhibit charges, and arriving at $1,606 in recoverable costs. (Doc. 108 at 3-4).

Defendants were not required to re-itemize an amount the Court itself calculated. To the extent that Sheets points to other line items, he had the opportunity to raise them in his original objections (Doc. 96; Doc. 104) and did not meaningfully brief them. The Court declines to revisit them now, and the objection is overruled.

**C. Non-Taxable Charges**

Sheets again argues that the underlying invoice includes non-taxable items. The Court has already resolved this issue. The revised bills reflect the Court's ruling, and the objection is overruled.

**D. Duplicative Recovery**

Sheets next argues that two bills of costs at $803 each, drawn from the same deposition invoice, risk duplicative recovery. The Court has rejected this argument. Because there are two Defendants, each bill of costs represents that Defendant's share of the single cost of deposing Sheets, not a separate award of the full amount. (Doc. 108 at 2). Together, the two bills recover $1,606—the total amount of taxable costs—and nothing more. The objection is overruled.

**E. Stay Enforcement Pending Appeal**

The Court has discretion to stay the taxation of costs pending an appeal. *Ameritox, Ltd. v. Millenium Lab'ys, Inc.*, No. 8:11-cv-775-T-24-TBM, 2015 WL 1169403, at *2 (M.D. Fla. Mar. 13, 2015). That discretion turns on four factors: (1) whether the movant has made a strong showing of likely success on the merits; (2) whether the movant will suffer irreparable injury absent a stay; (3) whether a stay will substantially injure other parties; and (4) where the public interest lies. *See*

*Breedlove v. Hartford Life & Accident Ins. Co.*, No. 6:11-cv-991-ORL-28, 2013 WL 361825, at *1 (M.D. Fla. Jan. 30, 2013).

The Court declines to exercise its discretion in granting a stay because Sheets falls well short of meeting his burden; he addresses none of the relevant factors. Rather, Sheets offers only a general assertion that this case involves civil rights, that he is proceeding pro se, and that collection would impose a hardship. (Doc. 113 at 2). That showing is not sufficient. *See Se. Dev. Partners, LLC v. St. Johns Cnty.*, No. 3:23-cv-846-CRK-PDB, 2024 WL 4769638, at *2-3 (M.D. Fla. Nov. 13, 2024); *Armstrong v. Barr*, No. 7:17-cv-1857-LSC, 2020 WL 4201826, at *2 (N.D. Ala. July 22, 2020) (denying a stay where the movant addressed only one of the four factors and failed to show a likelihood of success on appeal). The Court does not believe that Sheets is likely to prevail on appeal, and he has not shown that he will suffer irreparable harm absent a stay. As such, his request that the Court stay enforcement of the costs taxed against him pending his appeal is denied.

**ORDERED:**

Plaintiff's Objections (Doc. 113) to the Bill of Costs (Doc. 111; Doc. 112) are **OVERRULED** and his request to stay enforcement of those costs pending appeal is **DENIED**.

In Fort Myers, Florida on July 24th, 2026.

Kevin R. Huguelet
United States Magistrate Judge